**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN P. HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **14 C 10004** |
| **v.** | ) | |
| | ) | **Hon. John Z. Lee** |
| **FREEDMAN ANSELMO LINDBERG, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Brian Hill ("Hill") filed this lawsuit against Defendant Freedman Anselmo Lindberg, LLC ("Freedman"), alleging Freedman engaged in abusive forum-shopping in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Hill contends that Freedman violated § 1692i(a)(2) of the FDCPA when it filed a citation to discover assets at a downtown Chicago courthouse, rather than at the Skokie Courthouse located near Hill's home in Winnetka, Illinois. Freedman now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), maintaining that Hill's claim is time-barred. For the following reasons, the Court grants the motion.

## I. Facts

Capital One Bank ("Capital One") has been attempting to collect from Hill a consumer debt in the amount of $3,606.44. Compl. ¶ 7. In an effort to collect this debt, Freedman filed a complaint on March 9, 2011, on behalf of Capital One in the Circuit Court of Cook County. *Id.* ¶ 8. Freedman filed the case ("the collection case") at the Richard J. Daley Center Courthouse ("Daley Center") in downtown Chicago. *Id.* ¶ 9. The Daley Center serves as the courthouse for Cook County's First Municipal District. *Id.* ¶ 10.

Hill lives nearly 21 miles from the Daley Center in Winnetka, Illinois. *Id.* ¶ 17. While Winnetka is part of Cook County, it is located within the county's Second Municipal District, which is served by the Skokie Courthouse about five miles from Hill's residence. *Id.* ¶¶ 14–16.

On December 17, 2013, Freedman filed a citation to discover assets against Hill in the collection case. *Id.* ¶ 23.

On December 12, 2014, Hill filed a complaint with this Court, alleging that the filing of the citation to discover assets violated the FDCPA's prohibition against a debt collector taking "any legal action on a debt against any consumer" in a location other than "the judicial district or similar legal entity" where the contract was signed or where the consumer resides. *Id.* ¶ 27; *see also* 15 U.S.C. § 1692i(a)(2). Hill alleges that Freedman chose a more remote courthouse to discourage him from defending the collection case. Compl. ¶ 30.

## II. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standard, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

## III. Analysis

In its motion, Freedman argues Hill's claim is time-barred by the FDCPA's statute of limitations. *See* 15 U.S.C. § 1692k(d). Typically on a motion to dismiss, the Court will not

consider an affirmative defense—such as the statute of limitations—because "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). But "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Id.*

A suit under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Hill's complaint alleges that the original collection case was filed on March 9, 2011. The citation to discover assets was issued on December 17, 2013. Hill filed the present action with this Court on December 12, 2014. If Hill's FDCPA claim accrued in March 2011, then this action is clearly time-barred. If the claim accrued when the citation was issued in December 2013, Hill's claim would survive. The viability of Hill's lawsuit, therefore, hinges on whether a citation to discover assets can also constitute a "legal action" in violation of the FDCPA.

Hill's suit is one of several that have been filed in the wake of the *Suesz v. Med–One Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014), which marked a departure from existing Seventh Circuit authority. Prior to *Suesz*, the Seventh Circuit held in *Newsom v. Friedman* that the various municipal districts within Cook County did not constitute separate "judicial districts" for the purposes of the FDCPA; therefore, a creditor could comply with § 1692i by filing a case in any courthouse in the county where the debtor resides or where the contract was signed. 76 F.3d 813, 819 (7th Cir. 1996). In *Suesz*, however, the Seventh Circuit overruled *Newsom*, interpreting the phrase "judicial district or similar legal entity" to mean "the smallest geographic unit relevant to venue in the court system in which the case is filed." *Suesz*, 757 F.3d at 643. Accordingly, *Suesz* meant that to be in compliance with § 1692i, a debt collector could not simply file an

action at any courthouse in the county.  *Id.* at 646.  Furthermore, as the rule applied retroactively, it potentially affected many debt collection cases already pending, including the underlying litigation here.  *See id.* at 649–50.

Since *Suesz*, every court in this district hearing an FDCPA § 1692i wrongful venue lawsuit has held that the statute of limitations on that claim begins to run with the filing[1] of the initial collection case.  *See Pihl v Law Office of Keith S. Shindler, Ltd*, 14 C 7116, 2015 WL 1137695, at *2 (N.D. Ill Mar. 10, 2015); *Balik v. Blitt & Gaines, P.C.*, 14 C 8702, 2015 WL 764013, at *3 (N.D. Ill. Feb. 21, 2015); *Padilla v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 14 C 7650, 2015 WL 513277, at *2 (N.D. Ill. Feb. 5, 2015); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 14 C 7948, 2015 WL 427845, at **2–3 (N.D. Ill. Jan. 29, 2015); *Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2015 U.S. Dist. LEXIS 6829, at *4 (N.D. Ill. Jan. 20, 2015).  These cases reaffirm the notion that subsequent filings within the collection case do not constitute a "continuing violation" of the FDCPA so as to reset the statute of limitations; such a "theory lacks support in the law."  *Hardaway v. CIT Group/Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 684 (N.D. Ill. 2011).  Indeed, "[t]he statute of limitations begins to run upon injury . . . and is not tolled by subsequent injuries."  *Komisar*, 2015 WL 427845, at *2 (N.D. Ill. Jan. 29, 2015) (quoting *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008)) (emphasis added).  And, for the purposes of § 1692i, "the violation and injury occurs as soon as the debt collector brings the lawsuit in the improper forum, in other words the moment the complaint is filed."  *Komisar*, 2015 WL 427845, at *2.

---

[1] The Court notes there is a "split of authority over whether the filing of a debt collection lawsuit or its service on the consumer starts the clock for FDCPA purposes."  *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 545–56 (N.D. Ill. 2012).  This split is nevertheless irrelevant in the present case where it is undisputed that the filing of the underlying Collection Case and the service took place in 2011, over three years before Hill filed his complaint with this Court in December 2014.

Hill nevertheless asserts that a party may independently violate the FDCPA following judgment in the collection case.  Pl.'s Resp. 4–5.  According to Hill, the citation to discover assets is a "post-judgment enforcement action"—akin to a writ of garnishment—that constitutes an "entirely distinct" violation of the FDCPA.  *Id.*  Hill relies on *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), a case in which the district court found that a post-judgment writ of garnishment constituted a "legal action on a debt within the purview of the FDCPA" causing a new one-year statute of limitations period to run.  *Blakemore*, 895 F.Supp. at 983.  But *Blakemore* is unpersuasive for a number of reasons.

First, as noted above, *Blakemore* is a single outlier in a wave of district court opinions that hold only the filing of the collection case initiates the running of the statute of limitations.  *See Mako*, 2015 U.S. Dist. LEXIS 6829, at *2 ("All of those actions other than the *Blakemore* district court opinion . . . uniformly hold that thereafter maintaining the allegedly wrongful litigation and taking actions during its pendency do not constitute separate or continuing violations of the Act.").  Second, in stating that "a writ of garnishment is a 'legal action on a debt' within the purvey of the FDCPA," the *Blakemore* court relied on a Ninth Circuit opinion, *Fox v. Citicorp Credit Svcs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994).  And that case was "totally torpedoed by that same circuit's on-all-fours opinion three years later."  *Mako*, 2015 U.S. Dist. LEXIS 6829, at *2.

Specifically, in *Fox*, the Ninth Circuit stated that "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right."  *Fox*, 15 F.3d at 1515.  The court in *Blakemore* relied on this language to find that a post-judgment writ of garnishment constitutes a separate "legal action" causing a new one-year statute of limitations period to run.  *Blakemore*, 895 F. Supp. at 983.  Subsequently,

however, when the Ninth Circuit first addressed this FDCPA statute of limitations issue in *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), it explicitly rejected *Blakemore* and held "the statute of limitations [begins] to run on the filing of the complaint." *Naas*, 130 F.3d at 893.

Finally, even assuming that a so-called post-judgment enforcement action could reset the statute of limitations, the Court is unconvinced that a citation to discover assets falls into this category. Under Illinois law, a citation to discover assets is considered a "supplementary proceeding" initiated by the creditor to examine the assets and income of the judgment debtor. *See* 735 Ill. Comp. Stat. 5/2-1402(a). But unlike the writ of garnishment at issue in *Blakemore*, a citation to discover assets does not enforce the judgment against the debtor; a citation to discover assets initiates an inquiry into "(1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Schak v. Blom*, 334 Ill. App. 3d 129, 133 (2002). More importantly, as the involvement of third parties illustrates, such actions are not necessarily even "against [the] consumer," as required by the FDCPA. *See* 15 U.S.C. § 1692i(a). And indeed, other courts have relied on this fact to find similar post-judgment proceedings fall outside of the FDCPA's venue protections. *See Smith v Solomon & Solomon*, P.C. 714 F.3d. 73, 76 (1st Cir. 2013) (Under Massachusetts law, "the action is directed against the trustee, not the debtor"); *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001) (Under Georgia law, "the judgment debtor is not a party to the garnishment").

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss [17]. This case is hereby terminated.

**SO ORDERED**                    **ENTER: 5/1/15**

**JOHN Z. LEE**
**United States District Judge**